IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. FERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant._____/ | No. C 09-2762 CRB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** |

    Plaintiff has brought suit seeking review of the Social Security Administration's ("SSA") determination that he is not entitled to disability benefits. The ALJ concluded that although Plaintiff is disabled, his disability does not qualify him for benefits. The Social Security Appeals Council then denied his request for review, and this proceeding followed. As explained below, the ALJ's decision is not supported by substantial evidence. On the contrary, the ALJ's decision discredits certain evidence without explaining why, sets out a assessment of disability that is inconsistent otherwise credited record evidence, and entirely fails to address other evidence of disability. Because it is possible that the ALJ could have sufficiently explained his decision, but simply failed to do so, and because the ALJ failed to develop the record as to certain evidentiary questions, this Court REMANDS this case for further proceedings.

//

**Background**

Plaintiff was both on October 22, 1972, and was 34 years old when he because disabled. Administrative Record ("AR") at 10. He has a high school education with some college, and has worked as a delivery person, salesperson, file clerk, reservation clerk, and waiter. Id. He alleges that he is unable to work because of injuries to his back, kidney problems, incontinence, and limping. Id. The medical evidence reflects that Plaintiff fell from a 30-foot-high patio and fractured a portion of his spine. Id. at 171. Plaintiff has had two surgeries, has constant back pain, and must use the bathroom 15-20 times a day. Id. at 10. He testified that he has numbness in his left leg and right foot and uses a cane for balancing and walking. Id. Finally, he also testified that he has been depressed since hurting his back, and that at the time of the hearing he was being treated for clinical depression. Id.

At the request of the Social Security Administration, Plaintiff saw Dr. Frank Chen for a consultative examination. Dr. Chen diagnosed "left foot drop," chronic back pain, and urinary and stool incontinence secondary to back injury." Id. at 173. He concluded that Plaintiff "can stand and walk in an eight-hour workday [for] two to four hours with intermittent breaks" and that "there are no restrictions on sitting in an eight-hour workday." Id. Plaintiff also saw Dr. Ronald F. Johnson for a consultative psychiatric examination at the request of the Social Security Administration. Dr. Johnson concluded that Plaintiff "would have moderate difficulties maintaining pace and persistence in ordinary work tasks" and "moderate difficulties concentrating and focusing on sustained, productive, timely work tasks in the normal course of a full 8-hour workday or full 40-hour workweek in a competitive work environment. " Id. at 203.

A hearing was held on November 12, 2008. Plaintiff testified that he cannot work because he has continuous lower back pain, constant depression, uses a catheter for his incontinence, and has difficulty keeping up with the pace of a job. Id. at 30-33. If he does not catheterize himself, Plaintiff testified that he would need to use the restroom 15 to 20 times per day. Id. at 33.

A Vocational Expert ("VE") also testified at the hearing. The ALJ posed a series of hypothetical scenarios and asked whether an individual suffering from the stated disabilities would be employable. First, the ALJ asked the VE to assume a person who requires a cane, is moderately impaired for social functioning, is mildly impaired in terms of concentration, persistence, and pace, and has difficulty with detailed and complex instructions. Id. at 47-48. The VE testified that, given those limitations, "I would eliminate all [medium level] work because of the issue of this cane." Id. at 48. Next, the ALJ asked the VE whether someone who is similarly disabled would be able to do "light" work. Id. at 49. The VE responded that while the use of the cane eliminates many of the otherwise available jobs, Plaintiff would still be able to perform the job of reservation clerk. Id. The ALJ's final hypothetical asked the VE to assume a moderate impairment as to social functioning, moderate (as opposed to mild in the previous hypotheticals) impairment as to concentration, persistence, and pace, in addition to a 40-50% limitation as to his ability to follow instructions. Id. at 50. The VE testified that "[t]he part of your hypothetical which moderately impairs concentration, pace and persistence, even at the simple, repetitive level would render this person unemployable." Id.

The ALJ issued his decision on December 2, 2008. Id. at 4. The ALJ concluded that Plaintiff "has mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence and pace . . . ." Id. at 10. The ALJ appeared to credit the diagnoses of both Dr. Chen and Dr. Johnson, but he concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Id. at 12. In support of this adverse credibility finding, the ALJ explained that although the claimant reported back pain, "progress notes fail to show persistent abnormalities of gait, restriction in back motion or significant neurological deficits." Id. The ALJ further noted that the claimant was able to work for a number of years after his back injury, which he concluded reflects the fact that his disability "would not currently prevent work." Id. As for the alleged psychological difficulty, the ALJ noted that

while the psychiatrist reported "some moderate difficulty with concentration, persistence and pace, . . . there is no evidence of any treatment." Id. The ALJ also explained that Plaintiff had ended his treatment with psychiatrists, and for a portion of the treatment period, Plaintiff had failed to take the prescribed medication.

**Legal Standard**

The Court's jurisdiction is limited to determining whether the Social Security Administration's denial of benefits is supported by substantial evidence in the administrative record. 42 U.S.C. § 405(g). A district court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if it is a decision based on legal error. See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The decision of the ALJ must be upheld if the evidence is "susceptible to more than one rational interpretation." Id at 1040.

The claimant is "disabled" for the purpose of receiving benefits under the Social Security Act ("Act") if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.1995), cert. denied. 517 U.S. 1122, 116 S.Ct. 1356, 134 L.Ed.2d 524 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir.1996); see also Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir.2009) ("To establish eligibility for Social Security benefits, a claimant has the burden to prove he is disabled.").

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. §§ 404.1520, 416.920. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or

4

combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, in Step Five, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). Moreover, where there is evidence of a mental impairment that may prevent a claimant from working, the Commissioner has supplemented the five-step sequential evaluation process with additional regulations addressing mental impairments. Maier v. Comm'r of the Soc. Sec. Admin., 154 F.3d 913, 914-15 (9th Cir.1998) (per curiam).

The ALJ in this case rejected Plaintiff's claim at step four, concluding that "claimant is capable of performing past relevant work as a food delivery . . . , waiter . . . , retails [sic] sales." AR at 13.

## Discussion

**A. Plaintiff's Motion**

Plaintiff attacks the ALJ's decision on various grounds. First, he argues that the ALJ's assessment of Plaintiff's Residual Functional Capacity is not supported by substantial evidence. Second, he argues that the ALJ's finding that he could perform his past work is not supported by substantial evidence. Third, he argues that the ALJ committed legal error by failing to provide sufficient reasons for rejecting the treating physician's opinion. Fourth, Plaintiff argues that the ALJ failed to provide sufficient reasons for rejecting his testimony. This Court addresses Plaintiff's first, second, and fourth arguments. Because those arguments necessitate a remand, it is not necessary to reach the third..

//

//

5

### 1. Residual Functional Capacity ("RFC")

The ALJ concluded that Plaintiff was capable of "light work" and has "mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, [and] mild difficulties in maintaining concentration, persistence and pace . . . ." AR at 10. The regulations provide that walking and standing form the primary difference between sedentary and light work. See 20 C.F.R. 404.1567(a), (b) (indicating that "sedentary work" requires "a certain amount of walking and standing," while "light work" requires "a good deal of walking or standing"). Social Security Ruling 83-10 reflects that light work requires standing or walking for a total of six hours in an eight-hour day. See SSR 83-10 (1983); see also Holohan v. Massanari, 246 F.3d 1195, 1204 n.1 (9th Cir. 2001) (explaining that although Social Security Rulings do not have the force of law, they "are binding on all components of the SSA" and are given "some deference"). However, Dr. Chan, an examining physician in this case, opined that Plaintiff would be able to stand and walk for only two to four hours in an eight-hour workday. The ALJ never addressed the fact that, as diagnosed by Dr. Chan, Plaintift was not capable of performing light work, even though he appears to accept Dr. Chan's diagnosis in his decision. See A.R. at 11. His decision cites no evidence in the record to support the conclusion that Plaintiff can stand for six hours in an eight hour day. On the contrary, while the ALJ lists a series of possible jobs that clearly involve a great deal of standing and walking (e.g. food delivery, waiter, and retail sales), he never addresses the evidence in Dr. Chan's report that Plaintiff would not be capable of standing for such a long period. Therefore, substantial evidence does not support the conclusion that Plaintiff is capable of work that involves at least six hours of standing and walking.

The ALJ's RFC also indicated that Plaintiff had "<u>mild</u> difficulties in maintaining concentration, persistence and pace." Id. at 10 (emphasis added). However, Dr. Johnson concluded that Plaintiff would have "<u>moderate</u> difficulties maintaining pace and persistence in ordinary work tasks." Id. at 203 (emphasis added). Dr. Johnson went on to conclude that Plaintiff "would have <u>moderate</u> difficulties concentrating and focusing on sustained,

productive, timely work tasks in the normal course of a full 8-hour workday . . . ." Id. (emphasis added). This distinction between "mild" and "moderate" is pivotal here because, as recounted above, the VE testified that an individual who is moderately impaired in this way would be unemployable. Again, while the ALJ appeared to credit Dr. Johnson's report and in no way sought to reject his findings, his functional capacity assessment is simply irreconcilable with Dr. Johnson's report. An ALJ is not permitted to substitute his own medical conclusion for the findings and opinions of physicians. The uncontradicted opinion of a medical expert can only be rejected for clear and convincing reasons. Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975).

**2. Plaintiff's past work**

Next, Plaintiff argues that the ALJ erred in concluding that Plaintiff was capable of performing his past work. First, Plaintiff makes the same argument explained above: according to the VE's testimony, Plaintiff's "moderate" disability—discussed more thoroughly above—made him categorically unemployable. While this argument remains persuasive, its use in this section of the brief merely identifies the same error discussed above in a different way.

However, Plaintiff also notes in this section that the ALJ failed to include all of Plaintiff's physical limitations in the hypothetical questions posed to the VE. An ALJ can only rely on VE testimony if the hypothetical questions posed to the VE include all the claimant's functional limitations. See Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001). Plaintiff notes that the ALJ failed to include any reference to Plaintiff's limitations related to his incontinence. Incontinence has been recognized in this circuit as a disorder that can give rise to a finding of disability. See Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir. 1990). The ALJ was presented both with testimonial and medical record evidence relating to Plaintiff's incontinence, but he failed to include the related limitations in the hypotheticals posed to the VE. It is easy to imagine how the need to use the restroom 15 to 20 times a day may limit an individual's employability.

//

7

### 3. Plaintiff's subjective pain testimony

The Ninth Circuit has held that where the record includes "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged[,] . . . the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations omitted). Plaintiff argues that the ALJ did not cite any clear and convincing reason to disregard his testimony regarding his pain.

The ALJ relied on six supposedly clear and convincing reasons to disregard Plaintiff's testimony: (1) it was inconsistent with the medical evidence; (2) Plaintiff could walk after his back surgery, (3) Plaintiff's testimony was incomplete and inconsistent, (4) medications had been relatively effective in controlling his symptoms, (5) Plaintiff did not appear to be in pain at the hearing, and (6) Plaintiff's daily activities are inconsistent with disabling pain. Although this is a long list of reasons, even considered together they do no amount to a clear and convincing justification for disregarding Plaintiff's pain testimony.

First, an ALJ is not permitted to disregard pain testimony simply because no specific clinical finding supports the severity of pain reported in the testimony. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Second, much of the evidence cited by the ALJ is not, in fact, inconsistent with the medical evidence. For example, the ALJ notes that "progress notes fail to show persistent abnormalities of gait, restriction in back motion or significant neurological deficits." AR at 12. But this says very little regarding whether the evidence supports Plaintiff's subjective reports of pain. In fact, the record is replete with evidence of Plaintiff's complaints about pain, as the ALJ elsewhere recognizes. Whether or not there is evidence inconsistent with testimony regarding Plaintiff's abnormal gait does not amount to a clear and convincing reason to disregard testimony regarding pain. The ALJ's comment that there "is no MRI of back to determine objective signs to determine low back pain" is similarly unpersuasive. The fact that an MRI was not done is not evidence, let alone clear and convincing evidence, that Plaintiff is not in pain.

Second, evidence that Plaintiff could work for a number of years after surgery is also of minimal evidentiary value. As Plaintiff testified, his ailments had progressed since his original surgeries. AR at 30-32. The ALJ fails to address this explanation, and cites to no evidence that would undermine this testimony.

Third, the ALJ's finding that Plaintiff's testimony was incomplete and inconsistent is not a clear and convincing reason to reject his testimony. First, the ALJ failed to explain what was incomplete or inconsistent. Second, this Court's review of the hearing transcript has not revealed any inconsistencies or apparent omissions. An ALJ's conclusory statement that a claimant's testimony was incomplete and inconsistent, without citation to the record, does not meet the clear and convincing standard. In any event, even had there been an important inconsistency, an "ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). If the ALJ felt that there was some inconsistency or omission that should be addressed, he should have asked Plaintiff to clarify. Id. ("If the ALJ thought he needed to know the basis of [a doctor's] opinion in order to evaluate them, he had a duty to conduct an appropriate inquiry . . . ."). The record reflects that he did not do so.

Fourth, the ALJ's finding that medications have been relatively effective in controlling Plaintiff's symptoms is not supported by substantial evidence. First, Plaintiff testified that his pain medication, while it did lessen the pain, still left him in serious distress. AR 42. The ALJ cites to no evidence undermining this evaluation of Plaintiff's pain. Second, this Court can find no evidence in the record that medications had any significant success in treating Plaintiff's incontinence.

Fifth, the ALJ's finding that Plaintiff "betrayed no evidence of pain or discomfort while testifying at the hearing" is not a clear and convincing reason to discredit Plaintiff's testimony. Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985) ("The ALJ's reliance on his personal observations of Perminter at the hearing has been condemned as 'sit and squirm' jurisprudence.").

Sixth, and finally, the fact that Plaintiff's household activities included some dish washing and other tasks is not a clear and convincing reason to reject his testimony. "One does not need to be 'utterly incapacitated' in order to be disabled." Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004). Plaintiff's testimony that he engages in very limited household activity is not inconsistent with his other testimony. A plaintiff's daily activities can only be grounds for an adverse credibility finding "if the claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007).

For all the reasons listed above, this Court concludes that the ALJ's decision is not supported by substantial evidence. First, the ALJ's RFC is inconsistent with the medical evidence. While the ALJ is entitled to reject evidence offered by an examining physician in certain circumstances, he gave no justification for such a rejection in this case. On the contrary, his decision appears to credit the doctor's evidence in some portions and ignore it in others, without explanation. Second, the ALJ failed to properly craft the hypotheticals posed to the VE. In order to rely on a VE's testimony as to a claimant's ability, the VE must be informed of all of a claimant's limitations. The ALJ in this case failed to refer to Plaintiff's incontinence. Third, the ALJ failed to support his rejection of Plaintiff's pain testimony with clear and convincing evidence. Therefore, Plaintiff's motion for summary judgment is GRANTED.

**B. Defendant's Cross Motion for Summary Judgment**

As the above analysis requires, Defendant's motion for summary judgment is DENIED. Because the issues are discussed in depth above, Defendant's arguments will be addressed with less detail.

First, Defendant argues that the record supported the ALJ's limitation to light work. However, as discussed above, "light work" for purposes of the SSA involves more standing and walking than Dr. Chan believed Plaintiff to be capable of. The ALJ's decision fails to address this discrepancy. The Defendant concedes that "the ALJ chose to give more weight

1  to the longitudinal, objective medical evidence after Plaintiff sought treatment rather than to
2  Dr. Chen's initial evaluation." Defendant's Mot. at 4. First, despite Defendant's general
3  reference to "longitudinal evidence," the ALJ does not cite <u>any</u> evidence, longitudinal or
4  otherwise, that reflects the fact that Plaintiff could stand for more than two to four hours.
5  Second, regardless of what the rest of the medical record shows, the ALJ failed to explain
6  why he appeared to credit Dr. Chan's report, and yet ignored certain parts of it. The opinion
7  of an examining doctor, even if contradicted by another doctor (which does not appear to
8  have happened here), can only be rejected for specific and legitimate reasons that are
9  supported by substantial evidence in the record. <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830-31
10 (9th Cir. 1995).

11     Second, Defendant argues that the ALJ was not required to give proper hypotheticals
12 to the VE because VE testimony was not required to show that Plaintiff remained capable of
13 performing his past work. However, Ninth Circuit authority clarifies that "[a]lthough the
14 burden fo proof lies with the claimant at step four, the ALJ still has a duty to make the
15 requisite factual findings to support his conclusion. This is done by looking at the [RFC] and
16 the physical and mental demands' of the claimant's past relevant work." <u>Pinto v. Massanari</u>,
17 249 F.3d 840, 844 (9th Cir.). In such a context, "[t]he vocational expert merely has to find
18 that a claimant can or cannot continue his or her past relevant work as defined by the
19 regulations above." <u>Id.</u> The ALJ clearly discussed with the VE the demands of Plaintiff's
20 past work, and relied on the VE's testimony in his decision. <u>See</u> AR 49-50, 13. Because the
21 ALJ relied on the VE's opinion in his decision, he was obligated to ensure that the
22 hypothetical questions posed to the VE properly reflected Plaintiff's limitations.
23     For these reasons, Defendant's motion for summary judgment is DENIED.
24 **IT IS SO ORDERED.**

Dated: August 12, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2009\2762\Order.wpd      11